UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE RICHARDSON,<br><br>   Plaintiff,<br><br>   v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>   Defendant. | CASE NO. C13-5855 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Christine Richardson's ("Richardson") motion to remand (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 19, 2013, Richardson filed a complaint against Defendant Government Employees Insurance Company ("GEICO") in the Kitsap County Superior Court for the State of Washington. Dkt. 1, ¶ 1.

ORDER - 1

On September 27, 2013, GEICO removed the matter to this Court.  Dkt. 1.

On October 2, 2013, Richardson filed a motion to remand.  Dkt. 6.  On October 21, 2013, GEICO responded.  Dkt. 8.  On October 25, 2013, Richardson replied.  Dkt. 9.  On November 1, 2013, GEICO filed a surreply (Dkt. 10) and Declaration of Fiona Hunt ("Hunt Dec.") (Dkt. 11).  On November 4, 2013, the Court requested a response to GEICO's surreply (Dkt. 12), which Richardson filed on November 8, 2013 (Dkt. 13).

## II. DISCUSSION

Under 28 U.S.C. § 1446, removal is timely only if it occurs within 30 days "after the receipt by the defendant, through service or otherwise," of the complaint:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The presumption against removal means that "the defendant always has the burden of establishing that removal is proper."  *Id*.

In this case, whether removal was timely depends on when the 30-day removal period began to run.  The only fact in dispute is the date GEICO received Richardson's complaint.  GEICO asserts that it received the complaint on August 30, 2013, and, in support of that contention, GEICO has submitted a copy of a stamped letter from the Washington Insurance Commissioner and the Hunt declaration.  Ms. Hunt declares that it

"is GEICO policy and procedure to immediately open and stamp mail with the received date on the same day that it is received." Hunt Dec., ¶ 5. The Court finds this general statement regarding the general intake of mail insufficient to support the assertion that GEICO received Richardson's complaint on the date that is stamped on the letter. Therefore, the Court grants the motion to remand because GEICO has failed to meet its burden of establishing that removal was timely.

### III. ORDER

Therefore, it is hereby **ORDERED** that Richardson's motion to remand (Dkt. 6) is **GRANTED** and the Clerk shall **REMAND** this matter to Kitsap Superior Court.

Dated this 20th day of November, 2013.

BENJAMIN H. SETTLE
United States District Judge