UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE RICHARDSON,<br><br>             Plaintiff,<br><br>   v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>             Defendant. | CASE NO. C13-5855 BHS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Government Employees Insurance Company's ("GEICO") motion for reconsideration (Dkt. 15). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 2, 2013, Richardson filed a motion to remand. Dkt. 6. On October 21, 2013, GEICO responded. Dkt. 8. On October 25, 2013, Richardson replied. Dkt. 9. On November 1, 2013, GEICO filed a surreply (Dkt. 10) and the Declaration of Fiona

1  Hunt ("Hunt Dec.") (Dkt. 11).  On November 4, 2013, the Court requested a response to

2  GEICO's surreply (Dkt. 12), which Richardson filed on November 8, 2013 (Dkt. 13).

3        On November 21, 2013, the Court granted Richardson's motion.  Dkt. 14.  On

4  December 3, 2013, GEICO filed a motion for reconsideration (Dkt. 15) and the

5  Declaration of Erica Lawrence (Dkt. 16).

## II. DISCUSSION

7        Motions for reconsideration are governed by Local Rule CR 7(h), which provides

8  as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

      In this case, GEICO moves for reconsideration on both grounds.  First, GEICO contends that Ms. Hunt's declaration is sufficient to meet its burden to establish jurisdiction.  GEICO asserts that

> Ms. Hunt's declaration states that the Summons and Complaint accurately shows a stamp indicating that GEICO received a copy of the Summons and Complaint on August 30, 2013, and that this stamp reflects the first date of service upon GEICO.

Dkt. 15 at 2–3.  Ms. Hunt's knowledge, however, was based on GEICO's policy and procedure to immediately open and stamp mail.  Hunt Dec., ¶ 5.  The Court rejected this general statement evidence as sufficient to meet GEICO's burden, and the Court finds that this was not manifest error.

ORDER - 2

With regard to GEICO's other ground, the new evidence could have been brought to the Court's attention with reasonable diligence. GEICO has failed to make any showing that it could not have obtained this evidence and have timely submitted it with either its response or its improper surreply. It would be fundamentally unfair to give GEICO a third bite at the apple to meet its burden.

### III. ORDER

Therefore, it is hereby **ORDERED** that GEICO's motion for reconsideration (Dkt. 15) is **DENIED**.

Dated this 9th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge